IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:15-cr-074** |
| | : | |
| **v.** | : | |
| | : | |
| **JONATHAN SANTANA** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is a petition filed by Jonathan Santana pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct a sentence. In the petition, Santana argues that his trial and appellate counsel were ineffective for not challenging his career offender enhancement and seeks to have his sentence vacated. The government has responded.

### I. Legal Standard

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691 (1984). Both prongs must be established. *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989)).

The first *Strickland* prong requires the defendant to "establish . . . that counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir.

2001). Proving a deficiency in conduct "requires showing that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687) (internal quotations omitted). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Strickland*, 466 U.S. at 689)). It is well settled that the benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The second prong of *Strickland* requires a defendant to show that counsel's performance unfairly prejudiced the defendant, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Id.* It is not enough to show that the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet such a test. *Id.* Rather, the defendant must show there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at

694. A reasonable probability is sufficient to undermine confidence in the outcome of the trial. *Id.* Effectiveness of counsel applies to advise given by counsel during guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005).

**II.    Discussion**

On January 13, 2016, Santana pleaded guilty to a violation of 21 U.S.C. § 841 for distribution and possession with the intent to distribute heroin and a violation of 21 U.S.C. § 846 for conspiracy to do the same. The Probation Office determined in its Presentence Investigation Report that Santana qualified as a career offender under the Guidelines because of three prior state offenses. The court accepted the PSR, but granted Santana a three-level reduction for acceptance of responsibility and then varied one level downward, sentencing him to 168 months.

The issue of his classification as a career offender was raised on direct appeal. In an opinion filed on January 31, 2017, the Third Circuit addressed Santana's classification and upheld this court's decision that his prior felony conviction under New York law, for fourth-degree attempted sale of a controlled substance, qualified as a predicate controlled substance offense for sentencing under the Guidelines. *See United States v. Santana*, 677 F. App'x 744 (3d Cir. 2017).

Santana now argues that he cannot be considered a career offender due to the Second Circuit Court of Appeals recent decision in *Harbin v. Sessions*, 860 F.3d 58, 68 (2nd Cir. 2017). In *Harbin*, the defendant was seeking asylum or cancellation of removal, but was denied relief by the Board of Immigration Appeals due to his prior New York conviction for possession of chorionic gonadotropin. The court found that while chorionic gonadotropin is a controlled substance under New York law, it is not a considered a controlled substance under the Federal Controlled Substances Act. The court explained that, "[t]o be a drug-trafficking aggravated felony under the INA based on 'the categorical approach, a state drug offense must . . . 'necessarily' proscribe conduct that is an offense under the CSA." *Id.* at 68 (citing *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013)). Therefore, the *Harbin* court, using the categorical approach, concluded that the defendant's New York conviction could not be used as an aggravated felony for purposes of denying his application for asylum. *Id.* at 68.

It is difficult to comprehend why Santana believes the *Harbin* case is applicable to him since his two prior New York felony drug trafficking convictions that were used in determining that he was a career offender involved marijuana, cocaine and crack cocaine and involved the sentencing guidelines. All of these are controlled substances under the federal Controlled Substances Act.

## III. **Conclusion**

For the reasons stated above, the motion will be dismissed. An appropriate order will issue.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: May 16, 2018